1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELL JONES,

11              Petitioner,              No. CIV S-07-0404 GEB EFB P

12        vs.

13   M. KNOWLES, et al.,

14              Respondents.             <u>ORDER</u>

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  He filed with his application for a writ of habeas corpus a request to stay these

18   proceedings and hold them in abeyance while he exhausts available state remedies.  On March

19   14, 2007, the court directed respondent to file a response to this request.  On April 11, 2007,

20   respondent filed a statement of no opposition to petitioner's request.  The court may stay this

21   action, holding it in abeyance while petitioner pursues unexhausted state remedies with respect

22   to some claims, as long as he has shown good cause for his failure to exhaust those remedies as

23   to those claims.  Petitioner must also show that the unexhausted claims potentially have merit

24   and that he has not intentionally engaged in dilatory litigation tactics.  *Rhines v. Weber*, 544 U.S.

25   269, 277-278 (2005).  A petitioner's reasonable confusion about the timeliness of his petitions in

26   state court ordinarily constitute good cause for filing a "protective petition," i.e., a petition

containing only exhausted claims, in federal court even though he continues to pursue other claims in state court. *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005). Petitioner asserts that he filed his habeas petition before exhausting available state remedies because he was unsure whether his federal petition would be timely if he waited. Respondent agrees that this concern justifies staying the proceedings and concedes that nothing suggests that petitioner is engaged in intentionally dilatory tactics. Respondent does not assert that the claims petitioner is exhausting are wholly lacking in merit.

Accordingly, it is ORDERED that:

1. Petitioner's February 28, 2007, request to stay this action and hold it in abeyance pending his exhaustion of available state remedies is granted.

2. Petitioner shall notify this court of the completion of that process within 45 days of the date an order resolving his state habeas petition is served.

3. The Clerk of the Court is directed to administratively close this case.

Dated:  May 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2